UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 07-393-JBC**

**ROY SETTLES,**                                                                              **PETITIONER,**

**VS.**                       **MEMORANDUM OPINION & ORDER**

**JOSEPH P. MEKO, Warden,**                                      **RESPONDENT.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the court on the petitioner's application for a writ of habeas corpus (DE 1). The court referred this matter to the Honorable James B. Todd, Magistrate Judge for the United States District Court for the Eastern District of Kentucky, who issued Proposed Findings of Fact and Recommendation (DE 8). The court, having reviewed the record *de novo* in light of the petitioner's objections, 28 U.S.C. § 636(b)(1)(C), concurs with the result recommended by the magistrate judge. *Thomas v. Arn,* 474 U.S. 140 (1985).

**I.**     **Background**

On June 19, 1984, a petit jury in Fayette Circuit Court returned a verdict against the petitioner, finding him guilty of two counts of Manslaughter First Degree (Counts 1 and 2), Burglary First Degree (Count 3), and Theft by Unlawful Taking (Count 4). The court sentenced the petitioner to sixty-five years on July 31, 1984, and entered its final judgment on August 14, 1984. The Kentucky Supreme Court affirmed the conviction in an unpublished opinion that became final on December 12, 1985. Thereafter, on September 26, 2005, more than nineteen years after the Kentucky Supreme Court affirmed his conviction, the petitioner

moved to vacate the judgment pursuant to Kentucky Rule of Civil Procedure 60.02(f), claiming prosecutorial misconduct, ineffective assistance of counsel, and insufficiency of evidence of his guilt for burglary and theft by unlawful taking. The state trial court denied the motion to vacate as time-barred. The Kentucky Court of Appeals affirmed that ruling and the Kentucky Supreme Court denied discretionary review. The petitioner then filed the present federal habeas petition on November 26, 2007.

**II.    Statute of Limitations for Habeas Actions**

The magistrate judge observed correctly that the instant petition is time-barred under 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 2244(d)(1),

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Absent a later triggering date under § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final.  However, there is a grace period for state prisoners, like the petitioner, whose convictions became final before enactment of the AEDPA.  A petitioner whose convictions became final before 1996 receives a one-year grace period from the AEDPA's effective date, April 24, 1996, to file his § 2254 petition in federal court.  *See Jurado v. Burt,* 337 F.3d 638 (6th Cir. 2003).  Given this one-year grace period, the AEDPA statute of limitations began to run in the petitioner's case on April 24, 1996, and expired on April 23, 1997.

The petitioner's objection to the Proposed Findings of Fact and Recommendation does not meet the substance of the report and recommendation, which was based on the untimeliness of the petition.  Instead, the petitioner contends that *Fryrear v. Parker,* 920 S.W.2d. 519 (Ky. 1996), "is on point with the case at bar, [and] that he should be allow [sic] to proceed on his petition even though (19) years have passed."  DE 9 at 2.[1]  *Fryrear* involved seven state

---

[1] The petitioner also seems to argue that his delay in filing was caused by his inability to obtain a complete copy of his trial transcript.  "Lack of access to a trial transcript does not preclude a habeas petitioner from commencing post-conviction proceedings and therefore does not warrant the equitable tolling of the limitations period for filing a petition for writ of habeas corpus."  *Grayson v. Grayson,* 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002).  Further, because the petitioner does not

prisoners convicted of rape and sentenced to life without parole. *Fryrear,* 920 S.W.2d 519. The defendants filed habeas corpus actions in state court based on a change in the state penal code which eliminated the phrase "without parole" from the applicable life sentence for rape. *Id.* While the state court granted the habeas petitions, the Court of Appeals reversed, reasoning that the petitioners were not entitled to habeas relief because they were not asserting a right to release from custody. *Id.* at 519. The Kentucky Supreme Court affirmed the Court of Appeals, holding that the appropriate procedure was found in Kentucky Rule of Criminal Procedure CR 60.02(e) or (f), which permit relief from judgment based on equitable and extraordinary grounds. *Id.* at 522. The court also held that, despite the fact that the petitioners were convicted prior to 1975, the applications should be deemed timely if made expeditiously after the opinion of the court was made final. *Id.* at 523. Although *Fryrear* held motions under Rule 60.02 could be deemed timely when filed many years after a final judgment, the petitioner in this case points to no change in Kentucky law that would support such a late filing[2] like that of the change in the state penal code in *Fryrear.* Instead, the petitioner filed his motion to vacate based on his claim of insufficient evidence, prosecutorial

---

state why the trial transcripts were necessary for the preparation of his state post-conviction motion or his current habeas petition, he is not entitled to equitable tolling. *Id.*

[2] The petitioner argues that he was erroneously sentenced under a statute that did not apply to him. But that argument applies to the date of sentencing, as opposed to a change in the law that occurred after sentencing, as was the case in *Fryrear.*

misconduct, and ineffective assistance of counsel; thus, he is not in the same position as the petitioners in *Fryrear* in terms of his motion to vacate in state court. Additionally, *Fryrear* involved a state habeas petition, as opposed to the present federal habeas petition.

After conducting its own analysis of the statute of limitations issue, the court concludes that the limitations period expired on April 23, 1997. The petitioner has not shown that § 2254(d)(1)(B) - (D) are applicable. Thus, the petitioner having failed to file his petition before April 24, 1997, the petition is time-barred.

### III.     Certificate of Appealability

A Certificate of Appealability may be issued where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a substantial showing is made when it is evident that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court finds that reasonable jurists would not find debatable or wrong the correctness of the assessments made in this case; therefore, the court declines to issue a certificate of appealability.

### IV.     Conclusion

5

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Facts and Recommendation (DE 8) is **ADOPTED** as this court's opinion.

**IT IS FURTHER ORDERED** that the respondent's motion to dismiss (DE 4) is **GRANTED** and all other pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the habeas petition (DE 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED,** as the petitioner has failed to make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(1).

Signed on  August 20, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY